### KELLOGG v. SHERRILL.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3128.   Decided July 19, 1927.

Middleton, J., of the 4th Dist., sitting by designation.

**First Publication of This Opinion.**

**Syllabus by Editorial Staff.**

**799. MUNICIPALITIES—1113. Streets and Alleys.**
Council may, without resolution of necessity for improvement as initial procedure, submit to people question of issuing bonds for specific purpose, method of improvement to be provided by future legislation.

**Action for Injunction.**
**Injunction denied.**

Harry R. Weber, Cincinnati, for Kellogg.
John D. Ellis, City Solicitor, and Edw. F. Alexander, Asst. City Solicitor, Cincinnati, for Sherrill.

**STATEMENT OF FACTS.**

The plaintiff seeks an injunction to restrain the payment, by the City of Cincinnati, out of certain bond issue of the City, for the City's share of the cost in the improvement of Kellog Avenue, an existing street in the City of Cincinnati.

The improvement was made under the assessment plan.

Plaintiff claims the proceeds of the bonds can not be used to pay the City's part of the cost of the improvement, for the reason that the bonds were voted on the proposition that the City should pay the whole cost of the improvement.

Chronologically stated, the proceedings of council are as follows:

July 24, 1919, resolution passed providing for submission to people question of bond issue for improving Kellogg Avenue.

Aug. 12, 1919, election held, and bonds authorized.

Feb. 14, 1925, ordinance passed directing issue and sale of bonds.   Thereafter, bonds duly issued and sold, and money placed in treasury.

April 21, 1925, resolution passed declaring it necessary to improve Kellogg Avenue, and providing whole cost of improvement to be paid by city.

July 7, 1925, ordinance passed determining to proceed and authorizing contract in accordance with resolution of necessity of April 21, 1925.

July 28, 1926.   New resolution of necessity, repealing resolution of April 21, 1925, and providing for improvement of Kellogg Ave., at different grade and of different materials, and City's portion to be paid out of bonds issued, and that certain part of cost be assessed against abutting property.

Feb. 16, 1927.   Ordinance passed determining to proceed in accordance with resolution of July 28, 1926, on assessment plan.

The contract was let, and the work completed by the contractor, and, as above stated, this action was brought to enjoin the payment of the contract out of the proceeds of the bond issue.

**PER CURIAM.**

"The question here amounts to this:   Can Council, without any resolution of necessity for an improvement, as the initial procedure, submit to the people the question of issuing bonds for a specific purpose, the method of the improvement to be provided by future legislation?   The case of Heffner v. City of Toledo, 75 OS. 413, is decisive of this question.

There is no binding provision, in the legislation or the submission, to any plan for the improvement.   After the money was realized from the sale of the bonds, council did provide legislation to make the improvement, the City paying the whole cost.   That proceeding was rescinded and the legislation repealed.   The situation was then—the money from the sale of the bonds was in the treasury, for the purpose of improving Kellogg Avenue.   Council thereupon did provide legislation for making the improvement on the assessment plan, part of the cost to be assessed against the abutting property, and the City's part to be paid by the City out of said bonds, issued and sold.

Under the facts and the decision in the case of Heffner v. City of Toledo, supra, the injunction will be denied."

(Hamilton, PJ., Cushing and Middleton, JJ., concur.)